IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN J. McCARTHY,                )<br>                                                     )<br>             Petitioner,              )<br>                                                     )<br>vs.                                              )        CIVIL NO. 05-365-DRH<br>                                                     )<br>WARDEN at USP MARION,    )<br>                                                     )<br>             Respondent.           )  | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner brings this action under the umbrella of habeas corpus law. 28 U.S.C. § 2241. Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). The writ has been extended, under certain circumstances, to allow a prisoner to challenge his transfer to a more restrictive confinement. *See, e.g., United States v. Harris*, 12 F.3d 735, 736 (7th Cir.1994); *Graham v. Broglin*, 922 F.2d 379 (7th Cir.1991).

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation – then habeas corpus is his remedy. *But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law....*

*Id*. at 381 (emphasis added); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-139 (7th Cir. 1995).

In the instant case, Petitioner challenges the quality of medical care he has received at U.S.P. Marion. Specifically, he claims that Respondent has not provided him with prescribed medication

to control his seizures, and that he has been denied proper medical care for back pain. Such claims do not request a "quantum change in the level of custody."

While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here, because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915.

Therefore, the Court is unable to provide the relief sought. Accordingly, this habeas corpus action is **DISMISSED** without prejudice to Petitioner filing his claims in a civil rights action, accompanied by either the $250 filing fee or an appropriately supported motion for leave to proceed *in forma pauperis*.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:   July 6, 2005**

                                            /s/     David RHerndon
                                            **DISTRICT JUDGE**