IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN J. McCARTHY, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| vs. | )    CIVIL NO. 05-365-DRH |
| | ) |
| WARDEN at USP MARION, | ) |
| | ) |
|       Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

      The Court dismissed this action, finding that 28 U.S.C. § 2241 was not the proper method for Petitioner to challenge the quality of medical care he receives at U.S.P. Marion. He has now filed a motion for preliminary injunction (Doc. 4), as well as a motion to alter judgment (Doc. 5)

      A motion to alter or amend judgment may only be granted if movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). In his motion, Petitioner claims that the Court misconstrued his petition as merely challenging his medical care. He argues that his petition was actually challenging his transfer to U.S.P. Marion, a transfer he claims was undertaken in violation of his rights to procedural due process under the Fifth Amendment. He relies, in part, on a recent Supreme Court case that held that in Ohio, inmates have a protected liberty interest in avoiding assignment to the state's supermax prison. *Wilkinson v. Austin*, — U.S. —, 125 S.Ct. 2384, 2394-95 (2005).

Upon review of the petition (Doc. 1), the Court finds no specific claim regarding Petitioner's transfer to Marion. The only statement that comes close to making such a claim is on page 2 of the petition, in paragraph 4: "McCarthy is held in atypical conditions of confinement and was never accorded due process furthermore federal law and regulations 28 C.F.R. Part V et seq. accord process that the BOP and respondent never followed." Although a Court is required to construe *pro se* pleadings liberally, it would be a far stretch for a Court to imagine a challenge to a prison transfer based on this brief statement, particularly when every other statement in the petition involves the quality of medical care.

The Court remains persuaded that its ruling dismissing the case was correct. Therefore, the motion to alter judgment is **DENIED**. Because this case remains closed, the motion for preliminary injunction is **MOOT**.

**IT IS SO ORDERED.**

**DATED:   August 2, 2005**

/s/   David RHerndon
**DISTRICT JUDGE**